# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| ANTONIO B. MOORE, | § |
| | § |
| Plaintiff, | § CIVIL ACTION NO. 5:19-CV-00171-RWS-CMC |
| | § |
| v. | § |
| | § |
| DIRECTOR, TDCJ-CID, | § |
| | § |
| Defendant. | § |

## ORDER

Petitioner Antonio B. Moore, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court referred this matter to United States Magistrate Judge Caroline Craven pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Magistrate Judge issued a Report and Recommendation on January 25, 2021, recommending the petition be denied (Docket No. 22). The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Moore filed objections to the Magistrate Judge's Report and Recommendation (Docket Nos. 25, 28-1), which triggers a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). For the reasons set forth below, the Court **OVERRULES** Moore's objections (Docket Nos. 25, 28-1) and **DENIES** the petition (Docket No. 1).

After careful consideration, the Court concludes that Moore's objections should be overruled. As set forth in his supplemental objections, Moore generally disagrees with the Report and Recommendation, asserting that he demonstrated deficient performance by counsel and associated prejudice. Docket No. 28-1. However, Moore has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In his original objections, Moore also attempts to add new claims to this petition; however, such claims are barred by the applicable one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Moore's conviction became final on September 11, 2019. Moore did not assert the claims now presented until March 8, 2021. Since Moore's claims do not relate back to the claims asserted in his original petition, they are barred by limitations.

Additionally, Moore's new claims are unexhausted and procedurally barred. A person in custody pursuant to the judgment of a state court generally must exhaust available state habeas remedies prior to filing an application in federal court. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been "fairly presented" to the highest state court in a procedurally proper manner according to the rules of the state courts. *Baldwin v. Reese*, 541 U.S. 27, 29-33 (2004) (holding a petitioner failed to "fairly present" a claim of ineffective assistance by his state appellate counsel merely by labeling the performance of said counsel "ineffective," without accompanying that label with either a reference to federal law or a citation to an opinion applying federal law to such a claim). The exhaustion requirement is not met if the petitioner presents new legal theories or factual claims in his federal

After careful consideration, the Court concludes that Moore's objections should be overruled. As set forth in his supplemental objections, Moore generally disagrees with the Report and Recommendation, asserting that he demonstrated deficient performance by counsel and associated prejudice. Docket No. 28-1. However, Moore has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In his original objections, Moore also attempts to add new claims to this petition; however, such claims are barred by the applicable one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Moore's conviction became final on September 11, 2019. Moore did not assert the claims now presented until March 8, 2021. Since Moore's claims do not relate back to the claims asserted in his original petition, they are barred by limitations.

Additionally, Moore's new claims are unexhausted and procedurally barred. A person in custody pursuant to the judgment of a state court generally must exhaust available state habeas remedies prior to filing an application in federal court. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been "fairly presented" to the highest state court in a procedurally proper manner according to the rules of the state courts. *Baldwin v. Reese*, 541 U.S. 27, 29-33 (2004) (holding a petitioner failed to "fairly present" a claim of ineffective assistance by his state appellate counsel merely by labeling the performance of said counsel "ineffective," without accompanying that label with either a reference to federal law or a citation to an opinion applying federal law to such a claim). The exhaustion requirement is not met if the petitioner presents new legal theories or factual claims in his federal

habeas petition. *Anderson v. Harless*, 459 U.S. 4, 6–7 (1982); *Riley v. Cockrell*, 339 F.3d 308, 318 (5th Cir. 2003) ("It is not enough that the facts applicable to the federal claims were all before the State court, or that the petitioner made a similar state-law based claim. The federal claim must be the 'substantial equivalent' of the claim brought before the State court."), *cert. denied*, 543 U.S. 1056 (2005); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (holding that "where [a] petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement"). Moore did not provide the highest state court an opportunity to review his claims; thus, his claims are unexhausted.

If a petitioner has failed to exhaust state court remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the claims are procedurally defaulted for purposes of federal habeas review, irrespective of whether the last state court to which the petitioner actually presented his claims rested its decision upon an independent and adequate state ground. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The Texas abuse-of-the-writ doctrine is an independent and adequate state procedural rule under the *Coleman* standard. *See Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (holding that the Texas Court of Criminal Appeals has strictly and regularly denied state habeas applications for abuse of the writ since 1994). "Texas' abuse of the writ doctrine is a valid state procedural bar foreclosing federal habeas review." *Coleman v. Quarterman*, 456 F.3d 537, 542 (5th Cir. 2006), *cert. denied*, 549 U.S. 1343 (2007); *Moore v. Quarterman*, 534 F.3d 454, 463 (5th Cir. 2008). Since Moore did not raise these new claims in his state application for writ of habeas corpus, the claims are procedurally barred at the state level. Thus, Moore did not exhaust his claims and is procedurally barred from doing so now.

A habeas petitioner can overcome a procedural default by showing cause and actual prejudice or a miscarriage of justice. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). However, Moore has failed to demonstrate prejudice or a miscarriage of justice. Accordingly, Moore is not entitled to federal habeas corpus relief on these grounds for review, as the claims were not exhausted and are procedurally barred. Accordingly, Moore's petition for writ of habeas corpus is **DENIED**.

Furthermore, Moore is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Moore has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by Moore are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are

not worthy of encouragement to proceed further. Therefore, Moore has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

Accordingly, Moore's objections (Docket Nos. 25, 28-1) are **OVERRULED** and the Report and Recommendation of the Magistrate Judge (Docket No. 22) is **ADOPTED** as the opinion of this Court. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is therefore **DENIED**.

**So ORDERED and SIGNED this 26th day of May, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE